[No. 895.  Decided July 11, 1893.]

EDWARD WELLS *et al.*, *Respondents*, v. THE COLUMBIA
NATIONAL BANK OF NEW WHATCOM, *Appellant.*

ATTACHMENT — LABOR CLAIM NOTICES — EFFECT OF DISMISSAL OF
ACTION.

Where an action of attachment has been commenced and certain
property levied upon, but before judgment the action has been dis-
missed by the plaintiff, and a chattel mortgage on the same prop-
erty taken from defendant by plaintiff and subsequently foreclosed,
the fact that certain parties served labor claim notices, under § 3124,
Gen. Stat., in the original action, will not give them a cause of ac-
tion against the mortgagee.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming*, for appellant.

*I. N. Maxwell*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—Appellant commenced a suit against one
Foster and caused a writ of attachment to be issued therein
against his property, under which the sheriff seized certain
of his chattels.    The respondents here then served labor
claim notices under § 3124, Gen. Stat.    Subsequently, and
before judgment, appellant dismissed said action, and the
property attached was released by the sheriff and delivered
to Foster.    Whereupon Foster executed a chattel mort-
gage upon said property to appellant.    The mortgage was
subsequently foreclosed and the proceeds arising from the
sale of the property were applied upon the mortgage debt,
but were insufficient to satisfy it.    Respondents brought
this action against appellant to recover the amount of their
several labor claims, and obtaining judgment therefor an
appeal was taken.

In our opinion there was no foundation for such an ac-

tion.    The service of the notice provided for by the statute aforesaid does not create a lien upon the property nor make the plaintiff in the action responsible for the amount of such labor claims.    Said statute provides that such claims shall be first paid out of the proceeds of the property when sold.    No obligation rests upon the plaintiff in such action to prosecute the same to a judgment and a sale of the property seized, even though the result of a failure to do so may be to prevent the claimants under the notices from collecting their claims therein.    The statute seems to be inefficient and defective for the purpose of creating and preserving a lien unless the property is actually sold.    However, as to whether the court could upon an application therefor have taken any steps to preserve and enforce such claims in said original suit, we are not called upon to decide, for it was not asked to take any.    This case is brought upon the theory that it was incumbent on the plaintiff to proceed with such suit after the service of the notices, which is not well founded.    No fraud is charged against appellant in any way, but a legal liability is urged as resting upon it to pay such labor claims under the facts stated.

Reversed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.